OPINION
In December 1997, defendant, Kevin L. Eberhard, entered guilty pleas in the Franklin County Court of Common Pleas to five counts of forgery in violation of R.C. 2913.31, all fifth degree felonies. The trial court placed defendant on community control for a period of five years and ordered him to pay restitution. In April 1999, defendant pled guilty to one count of receiving stolen property in violation of R.C. 2913.51, a fifth degree felony. At the sentencing hearing, the trial court revoked defendant's probation. The court further found that the offenses were serious because they were repeat offenses and that defendant is likely to re-offend because he committed new offenses while he was on community control. Accordingly, the court found that even though the offenses were felonies of the fifth degree, prison was appropriate. By judgment entry dated April 22, 1999, the court sentenced defendant to more than the minimum term of incarceration on each of the five counts of forgery and the single count of receiving stolen property, and ordered the terms to be served consecutive to each other. In addition, the court ordered defendant to pay restitution. Pursuant to delayed appeal, defendant sets forth the following assignments of error:
 [1.] The sentence imposed by the trial court was contrary to the sentencing criteria contained in R.C. 2929.13 and R.C. 2929.14.
 [2.] The restitution orders imposed by the trial court were invalid in the absence of proof that Appellant's offenses posed a threat of personal injury or death to another.
By the first assignment of error, defendant asserts that the trial court erred in imposing prison terms that exceed the minimum prison term without making the statutorily required findings pursuant to R.C.2929.14(B). Defendant also contends that the trial court erred in imposing consecutive terms of imprisonment under R.C. 2929.14(E).
In accordance with R.C. 2953.08, this court will not disturb defendant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Good (Dec. 5, 2000), Franklin App. No. 00AP-409, unreported. R.C. 2929.14 governs the imposition of prison terms for felony convictions. The version of R.C. 2929.14 in effect at the time defendant was sentenced states, in pertinent part, as follows:
 (A) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter * * * the court shall impose a definite prison term that shall be one of the following:
* * *
 (5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
 (B) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 326, the Supreme Court of Ohio construed R.C. 2929.14(B) to mean that the trial court must impose the shortest prison term authorized on a felony offender who has not served a previous prison term, unless the court finds on the record that to do so would demean the seriousness of the offense or, alternatively, that such a term "will not adequately protect the public from future crime by the offender or others." However, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Id. at syllabus.
Thus, a trial court is not required to give the reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before the court can lawfully impose more than the minimum authorized sentence. Rather, in sentencing an offender to first time imprisonment, the trial court must merely specify on the record that one or both reasons set forth in R.C. 2929.14(B) justify a sentence which is longer than the minimum.
In this case, defendant was sentenced prior to the Ohio Supreme Court's pronouncement in Edmonson. Nonetheless, we must apply Edmonson in interpreting the applicable statute. Defendant was sentenced to more than the minimum sentence on each of the five counts of forgery and the single count of receiving stolen property. Because defendant had not previously served a prison term, the trial court was required to make an express finding on the record that the shortest prison term would demean the seriousness of defendant's conduct or would not adequately protect the public from future crime by him or others. The trial court could have made the requisite findings either by oral pronouncement on the record at the sentencing hearing or by written statement in the judgment entry. Statev. Fitzpatrick (Dec. 1, 2000), Lake App. No. 99-L-164, unreported.
After reviewing both the transcript of the sentencing hearing and the trial court's judgment entry, we find that the trial court made neither of the findings required by R.C. 2929.14(B). Without the required findings, defendant's sentence is invalid. The state concedes that the required findings were not made and agrees that the case must be remanded for resentencing.
Because the case is being remanded for resentencing, the issues raised by defendant with regard to the imposition of consecutive sentences and the order of restitution are moot. State v. Haamid (Jan. 20, 2000), Cuyahoga App. No. 75103, unreported.
For the foregoing reasons, defendant's first assignment of error is sustained in part and moot in part. The second assignment of error is moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
BOWMAN, P.J., and TYACK, J., concur.